UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 06-cr-10393-RGS
CIVIL ACTION NO. 11-cv-11825-RGS

TERRY LEWIS

v.

UNITED STATES OF AMERICA

MEMORANDUM AND ORDER ON PETITIONER'S
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

January 25, 2012

STEARNS, D.J.

Terry Lewis, proceeding pro se, brought this petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Lewis challenges his sentence, asserting violations of his Fourth and Fourteenth Amendment rights, his Fifth Amendment right to due process, and ineffective assistance of counsel. For the reasons to be stated, Lewis's petition will be denied.

BACKGROUND

In the early morning of August 10, 2006, Lewis was stopped by two Fall River, Massachusetts police officers (Saurette and Gosselin) who suspected a recently completed drug transaction. As the officers approached, Lewis spontaneously turned against the front window of a nearby building, and raised his hands as if to be frisked.

As Lewis turned, the officers heard the clink of a hard object striking the window. When they sought to conduct a frisk, Lewis ran. A physical altercation ensued in the aftermath of which the officers seized a .45 caliber pistol, six rounds of ammunition, and a shoulder holster. Lewis was subsequently charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

In due course, Lewis – represented by a Federal Defender – filed a motion to suppress the pistol and ammunition, arguing that he had been subjected to a search and seizure in violation of his Fourth Amendment rights. After a three-day evidentiary hearing and further briefing, the court in a written decision dated August 6, 2008, denied the motion to suppress. On December 10, 2008, Lewis entered a conditional plea of guilty, reserving his right to appeal the denial of the suppression motion.

Because of numerous prior convictions, Lewis qualified for an enhanced sentence as an "armed career criminal."[1] On May 22, 2009, Lewis was sentenced to the mandatory minimum 180 months of imprisonment. On March 25, 2010, the First Circuit Court of Appeals rejected Lewis's appeal and affirmed the district court's suppression ruling. The United States Supreme Court denied Lewis's petition for a writ of certiorari on October 4, 2010. Lewis timely filed the instant § 2255 petition on

---

[1] Pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), a federal defendant with three prior qualifying convictions is subject to a mandatory minimum sentence of 180 months.

September 20, 2011.

## DISCUSSION

Section 2255 is not a substitute for direct appeal, but rather provides for post-conviction relief in four limited instances: "if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to direct attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998). "The catch-all fourth category includes only assignments of error that reveal 'fundamental defect[s]' which, if uncorrected, will 'result[] in a complete miscarriage of justice,' or irregularities that are 'inconsistent with the rudimentary demands of fair procedure.'" *Id.*, quoting *Hill v. United States*, 368 U.S. 424, 428 (1962). A cognizable § 2255 claim, unless it is constitutional or jurisdictional in nature, must reveal "exceptional circumstances" compelling redress. *David*, 134 F.3d at 474. The petitioner bears the burden of demonstrating an entitlement to relief. *Mack v. United States*, 635 F.2d 20, 26-27 (1st Cir. 1980).

**The Alleged Violation of Fourth Amendment Rights**

Because Lewis's claims of a violation of his Fourth and Fourteenth Amendment rights are identical to those he raised in his appeal to the First Circuit, he is barred from relitigating them again by way of a § 2255 petition. *See United States v. Moran*, 1997

WL 51415, at *1 (1st Cir. Feb. 5, 1997) (holding that petitioner may not "relitigate issues already raised and rejected in his direct appeal," or issues "that could have been, but were not, raised in that direct appeal."); *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) ("[I]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." (quoting *Dirring v. United States*, 370 F.2d 862, 864 (1st Cir. 1967)).[2]

**Alleged Violations of the Fifth Amendment Right to Due Process**

Lewis next raises a series of claims that he characterizes as violations of his rights to due process. Among these are claims that his Sixth Amendment right to a speedy trial was violated, that the government introduced perjured testimony during the suppression hearing, and that he was unlawfully sentenced as an armed career criminal.[3] Because Lewis could have made these same arguments on direct appeal, they are subject to procedural default. As such, they may not be raised in a § 2255 petition absent a

---

[2] Failed motions to exclude evidence on Fourth Amendment grounds are in any event impervious to collateral review under § 2255. *See Stone v. Powell*, 428 U.S. 465, 518 (1976); *Tisnado v. United States*, 547 F.2d 452, 456 (9th Cir. 1976); *United States v. Cook*, 997 F.2d 1312, 1317 (10th Cir. 1993). *Cf. Arroyo v. United States*, 195 F.3d 54, 55 n.1 (1st Cir. 1999) (noting the Supreme Court's "hint" that *Stone* applies to § 2255 petitions and citing *Cook* and a later Ninth Circuit case as so determining, but reserving the issue in the First Circuit).

[3] Lewis also claims that the testimony of the police officers at the suppression hearing incorporated inadmissible hearsay. This claim fails because the Federal Rules of Evidence do not apply at suppression hearings. *See* Fed. R. Evid. 104(a).

4

showing of cause and prejudice. *See Oakes v. United States*, 400 F.3d 92, 95 (1st Cir. 2005) ("If a federal habeas petitioner challenges his conviction or sentence on a ground that he did not advance on direct appeal, his claim is deemed procedurally defaulted."). *See also United States v. Frady*, 456 U.S. 152, 167-168 (1982) (holding that, to raise defaulted claims "a convicted defendant must show both (1) 'cause' . . . and (2) 'actual prejudice' resulting from the errors of which he complains."). To establish cause, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Strategic decisions and errors made by petitioner's trial counsel do not constitute cause. *Id.* (There is "no inequity in requiring [defendants] to bear the risk of attorney error that results in a procedural default.").[4]

Because Lewis does not meet the "cause" element with respect to any of the claims, they may not properly be raised in a § 2255 motion. Regarding the speedy trial claim, Lewis fails to identify any external factor that prevented him from objecting to

---

[4] Related to the failure to show prejudice element is the fact that Lewis is barred in any event from raising the speedy trial and perjured testimony claims in a § 2255 motion by the doctrine of judicial estoppel. The doctrine precludes a defendant who has pled guilty from collaterally attacking his plea based on constitutional violations alleged to have occurred prior to the plea (absent a reservation of rights under Fed. R. Crim. P. 11(a)(2) with the consent of the court and the government). *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973). *See also United States v. Gaffney,* 469 F.3d 211, 215 n.2 (1st Cir. 2006) (a principle enforced with "monotonous regularity"). Lewis reserved only the Fourth Amendment claims when entering his conditional plea of guilty.

a delay in the return of the indictment.[5] To the contrary, Lewis acknowledges that his counsel was aware of and agreed to the delay. Lewis also does not explain any impediment to a contemporaneous objection to perjured testimony during the suppression hearing (in the court's view there was no such testimony). Nor does Lewis allege that an external factor prevented him from challenging his classification as an armed career criminal at sentencing. Indeed, Lewis, through counsel, conceded that, at a minimum, four of his prior state convictions qualified as "violent felonies" under 18 U.S.C. § 924(e).[6]

**Ineffective Assistance of Counsel**

Finally, Lewis contends that he did not receive constitutionally effective assistance from his trial attorney, Federal Defender William Fick. Lewis claims a number of alleged deficiencies in Fick's performance, including his failure: (1) to investigate the facts surrounding Lewis's arrest; (2) to object to the officers' testimony at the suppression hearing as false or as hearsay; and (3) to more thoroughly investigate Lewis's criminal history.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defence." The right

---

[5] Lewis was indicted 11 days after the original 30-day deadline expired.

[6] The pre-sentence report listed seven qualifying convictions.

to counsel includes the right to "effective counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To be effective, a lawyer need not be perfect. "Judicial scrutiny of counsel's performance must be highly deferential," and "every effort [should] be made to eliminate the distorting effects of hindsight." *Id.* at 689. The court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.*, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955).

In evaluating the constitutional effectiveness of an attorney's representation, a court is to engage in a two-step inquiry. "First, a reviewing court must assess the proficiency of counsel's performance under prevailing professional norms. This evaluation demands a fairly tolerant approach; after all, the Constitution pledges to an accused an effective defense, not necessarily a perfect defense or a successful defense." *Scarpa v. Dubois*, 38 F.3d 1, 8 (1st Cir. 1994) (internal citations omitted). To satisfy this first prong of the *Strickland* test, Lewis must show that Fick's performance was deficient to the point of being "objectively unreasonable." *See United States v. McGill*, 11 F.3d 223, 226 (1st Cir. 1993). Reasonable conduct is conduct that falls "'within the range of competence demanded of attorneys in criminal cases.'" *United States v. Bosch*, 584 F.2d 1113, 1121 (1st Cir. 1978), quoting *McMann v. Richardson*, 397 U.S.

759, 770-771 (1970). To satisfy the second *Strickland* prong, Lewis must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). *See also United States v. LaBonte*, 70 F.3d 1396, 1413 (1st Cir. 1995), *rev'd on other grounds*, 520 U.S. 751 (1997).

### *Failure to Investigate*

Lewis contends that Fick failed to adequately investigate the facts surrounding Lewis's arrest because Fick did not interview various witnesses, including a Fall River police lieutenant, a store clerk who worked near the scene of the arrest, and other individuals who lived in or frequented the neighborhood. "The decision to *interview* potential witnesses . . . must be evaluated in light of whatever trial strategy reasonably competent counsel devised in the context of a particular case." *Lema v. United States*, 987 F.2d 48, 55 (1st Cir. 1993) (emphasis in original). Declining to interview tangential witnesses who are unlikely to have any information of exculpatory value in order to focus upon flaws or inconsistencies in a police report is not an objectively unreasonable judgment. *See Janosky v. St. Amand*, 594 F.3d 39, 48-49 (1st Cir. 2010) (finding counsel's decision to forego interviews in favor of concentrating on "flaws in the police investigation" a reasonable strategic judgment – a lawyer is "[not] require[d] . . . at all times and under all circumstances to probe every evidentiary lead.").

8

At the hearing, Fick cross-examined Officers Gosselin and Saurette extensively about inconsistencies with their prior testimony before the state and federal grand jury and between their separate accounts of the arrest. Fick also elicited admissions that the police report prepared by Officer Gosselin did not mention a number of the details testified to at the suppression hearing, including the sound (presumably of Lewis's gun striking the window) that precipitated the arrest. Moreover, contrary to Lewis's contentions, Fick sought out independent evidence to challenge the officers' credibility. He obtained police records for the ten-day period surrounding Lewis's arrest in order to contest the officers' statements that the area where the arrest occurred had seen a recent uptick in reports of violent crimes. He obtained records of the warrant checks that Officers Saurette and Gosselin had claimed to run on two other persons whom they identified as suspects in Lewis's drug dealing. Fick also located and subpoenaed a witness to Lewis's arrest, and investigated other leads that did not pan out, such as possible video footage of the arrest captured by local surveillance cameras.

*Failure to Object to Testimony*

Lewis next contends that Fick failed to object to the "perjured testimony" of Officers Saurette and Gosselin at the suppression hearing. In support of his claim, Lewis points to inconsistencies between the officers' testimonies. "However, it is axiomatic that inconsistent testimony is not *per se* perjurious." *United States v. Gary*,

9

74 F.3d 304, 314 (1st Cir. 1996), citing *United States v. Dunnigan*, 507 U.S. 87, 93 (1993). *See also United States v. Tavares*, 93 F.3d 10, 14 (1st Cir. 1996) ("Inconsistent testimony by itself does not amount to perjury, nor does an unclear police report make it so.").[7]

### *Failure to investigate Lewis' criminal record*

Finally, Lewis argues that Fick failed to "look into" his prior state convictions in order to challenge the accuracy of the criminal history set out in the pre-sentence report. The allegation, however, is not true. Fick states in a letter in response to the court's finding that Lewis had waived any attorney-client privilege, that after obtaining and reviewing the records of Lewis's prior state convictions he "discussed with [] Lewis whether he would like [Fick] to attempt to vacate any of these convictions," but that Lewis declined. *See* Dkt #51 - Ex. 1 (January 4, 2012 letter from William Fick).

### ORDER

For the foregoing reasons, the Petition to Vacate, Set Aside, or Correct Sentence/ Conviction is <u>DENIED</u>. Petitioner is advised that any request for the issuance of a Certificate of Appealability pursuant to 28 U.S.C. § 2253, of the court's Order denying his motion to Vacate, Set Aside, or Correct Sentence/Conviction, issued as of this date,

---

[7] Lewis also argues that Fick should have objected to hearsay testimony. However, as noted earlier, hearsay is admissible at a suppression hearing.

is also <u>DENIED</u>, the court seeing no meritorious or substantial basis supporting an appeal. The Clerk will now close the civil case.

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE